1
2
3
4
5
6
7
8
9                    UNITED STATES DISTRICT COURT
10                  SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS TINOCO, et al., | Lead Case No. 17-cv-2433-BAS-JLB |
| Plaintiffs, | **ORDER DENYING MOTIONS TO DISMISS** |
| v. | |
| SAN DIEGO GAS & ELECTRIC CO., et al., | (1) 18cv1389, ECF No. 11; |
| | (2) 18cv1390, ECF No. 10; |
| Defendants. | (3) 18cv1561, ECF No. 9; |
| | (4) 18cv1803, ECF No. 6; |
| | (5) 18cv1805, ECF No. 5; |
| AND CONDOLIDATED CASES | (6) 18cv1807, ECF No. 8; |
| | (7) 18cv1808, ECF No. 5. |

    Eight plaintiffs filed nearly-identical complaints against Defendant San Diego
Gas & Electric Company ("SDG&E").   SDG&E has moved to dismiss each
complaint.  On September 6, 2018, the Court denied SDG&E's motion to dismiss
Plaintiff Tinoco's complaint.  (17cv2433, ECF No. 15.)  The Court then consolidated
the eight cases, designating *Tinoco v. SDG&E* as the lead case.  (17cv2433, ECF No.
19.)  Seven motions remain pending, all of which will be resolved in this Order.  (*See*
(1) 18cv1389 ("*De La Rosa*"), ECF No. 11; (2) 18cv1390 ("*Alires*"), ECF No. 10;
(3) 18cv1561 ("*Cruz*"), ECF No. 9; (4) 18cv1803 ("*Hansen*"), ECF No. 6; (5)
18cv1805 ("*McMahon*"), ECF No. 5; (6) 18cv1807 ("*Vasquez*"), ECF No. 8; (7)

1  18cv1808 ("*Gonzalez Garcia*"), ECF No. 5.)

2  　　　The Court divides the complaints into two groups: those that allege only

3  negligence, and those that allege negligence and negligence per se.

4  **I.　　NEGLIGENCE COMPLAINTS**

5  　　　Like the complaint in *Tinoco v. SDG&E*, the majority of the complaints allege

6  only negligence.　(*See Hansen*; *McMahon*; *Vasquez*; *Gonzalez Garcia*.)　The Court

7  denied SDG&E's motion to dismiss the *Tinoco* complaint.　(17cv2433, ECF No. 7.)

8  The *Hansen*, *McMahon*, *Vasquez*, and *Gonzalez Garcia* complaints allege no more

9  additional facts than the *Tinoco* complaint.　SDG&E makes the same arguments in

10  its motions to dismiss these four complaints as it did in its motion to dismiss the

11  *Tinoco* complaint.　The Court makes the same findings here as it did in *Tinoco*.　(*See*

12  *id.*)　The Court **DENIES** SDG&E's motions to dismiss the four complaints: (1)

13  18cv1803, ECF No. 6; (2) 18cv1805, ECF No. 5; (3) 18cv1807, ECF No. 8; (4)

14  18cv1808, ECF No. 5.

15  **II.　　NEGLIGENCE AND NEGLIGENCE PER SE COMPLAINTS**

16  　　　The other three complaints allege both negligence and negligence per se.　(*De*

17  *La Rosa*; *Alires*; *Cruz*.)　Again, as to the negligence claim, the complaints allege no

18  more additional facts than the *Tinoco* complaint.　SDG&E makes the same arguments

19  in its motions to dismiss the cause of action as it did in the motion to dismiss *Tinoco*.

20  The Court **DENIES** SDG&E's motions to dismiss the negligence cause of action.

21  　　　SDG&E moves to dismiss the negligence per se causes of action in the three

22  complaints because negligence per se is not a separate cause of action.　(*See, e.g.*,

23  18cv1389, ECF No. 11-1, at 19 (citing *e.g.*, *Das v. Bank of Am., N.A.*, 186 Cal. App.

24  4th 727, 737–38 (2010)).)　Plaintiffs agree negligence per se is not a cause of action,

25  and there is no "claim" to be dismissed.　Plaintiffs argue they "may nonetheless

26  proceed with his negligence per se theories in relation to [their] negligence cause[s]

27

28

of action." (*See e.g.*, 18cv1389, ECF No. 19.)[1]

In California, negligence per se is "a presumption of negligence [that] arises from the violation of a statute which was enacted to protect a class of persons of which the plaintiff is a member against the type of harm which the plaintiff suffered as a result of the violation of the statute." *Hoff v. Vacaville Unified Sch. Dist.*, 19 Cal. 4th 925, 938 (1998) (citations omitted). "[A]n underlying claim of ordinary negligence must be viable before the presumption of negligence . . . can be employed." *Cal. Serv. Station & Auto. Repair Ass'n v. Am. Home Assurance Co.*, 62 Cal. App. 4th 1166, 1178 (1998). "[I]t is the tort of negligence, and not the violation of the statute itself, which entitles a plaintiff to recover civil damages. In such circumstances the plaintiff is not attempting to pursue a private cause of action for violation of the statute; rather, he is pursuing a negligence action and is relying upon the violation of a statute, ordinance, or regulation to establish part of that cause of action." *Sierra–Bay Fed. Land Bank Ass'n. v. Superior Court*, 227 Cal. App. 3d 318, 333 (1991); *see also Das*, 186 Cal. App. 4th at 738 (holding the negligence per se doctrine is utilized by borrowing a statute or regulation "to prove duty of care and standard of care").

The Court does not find Plaintiffs plead negligence per se as a "separate cause of action" but instead their complaints make clear they are alleging negligence and relying on alleged violations of the Camp Pendleton Requirements (i.e., negligence per se) as a part of their negligence causes of action. Because Plaintiffs' negligence cause of action may proceed, the Court does not dismiss the references to the negligence per se doctrine. *Cf Waldo v. Eli Lilly & Co.*, No. CIV. S-13-0789 LKK, 2013 WL 5554623, at *8 (E.D. Cal. Oct. 8, 2013) (holding "[w]hile [plaintiff] is free to allege the facts necessary to entitle her to the evidentiary presumption, she may not plead negligence per se as an independent cause of action" and dismissing cause

---

[1] The arguments made by SDG&E and by the three plaintiffs are identical in all three motions and responses. The Court refers only to 18cv1389 for ease of reference.

of action with prejudice).

Finally, SDG&E argues Plaintiffs have not alleged a specific statute or regulation to support the negligence per se evidentiary presumption. (*See, e.g.*, 18cv1389, ECF No. 11-1, at 19.) Negligence per se is codified in California Evidence Code section 669. This statute provides that negligence is presumed if the plaintiff establishes four elements: (1) the defendant violated a statute, ordinance, or regulation of a public entity; (2) the violation proximately caused death or injury to person or property; (3) the death or injury resulted from an occurrence of the nature which the statute, ordinance, or regulation was designed to prevent; and (4) the person suffering the death or the injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted. Cal. Evid. Code § 669. Here, Plaintiffs have identified alleged SDG&E violated various Camp Pendleton Requirements, which are plausibly regulations of a public entity. Thus, Plaintiffs have sufficiently pled negligence per se. The Court **DENIES** SDG&E's motions to dismiss the negligence per se causes of action.

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' motions to dismiss: (1) 18cv1389, ECF No. 11; (2) 18cv1390, ECF No. 10; (3) 18cv1561, ECF No. 9; (4) 18cv1803, ECF No. 6; (5) 18cv1805, ECF No. 5; (6) 18cv1807, ECF No. 8; (7) 18cv1808, ECF No. 5.

**IT IS SO ORDERED.**

**DATED: September 21, 2018**

Hon. Cynthia Bashant
United States District Judge