# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR DE LA ROSA,<br><br>                   Plaintiff,<br><br>v.<br><br>SAN DIEGO GAS & ELECTRIC CO., *et al*,<br><br>                   Defendants. | Case No. 18-cv-1389-BAS-JLB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>**[ECF No. 31]** |

       This case is one of nine cases in a consolidated matter. (*See* 17-cv-2433-BAS-JLB, ECF No. 19 (consolidation order).) Plaintiffs allege that in September 2017, they were traveling in an Assault Amphibious Vehicle ("AAV") at Camp Pendleton. The AAV came into contact with a gas line, resulting in an explosion and fire, which injured Plaintiffs. Plaintiffs allege this incident occurred because the gas line was not in compliance with the Camp Pendleton Requirements, and had the line been in compliance, the vehicle would have not come into contact with the line. (17-cv-2433, ECF No. 1.) San Diego Gas & Electric Co. ("SDG&E") is the only named Defendant in Plaintiff de la Rosa's complaint. (18-cv-1389, ECF No. 1.) Southern California Gas Company is also named as a Defendant in other cases in this consolidated action.

Plaintiff de la Rosa moves for leave to file an amended complaint. ("Mot.," ECF No. 31.) SDG&E opposes the motion. ("Opp'n," ECF No. 32.) Plaintiff did not file a reply in support of his motion. The Court finds resolution of this matter is suitable without the need for oral argument. *See* Civ. L.R. 7.1(d)(1). For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion.

## I.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), a plaintiff may amend his complaint once as a matter of course within specified time limits. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

While courts exercise broad discretion in deciding whether to allow amendment, they have generally adopted a liberal policy. *See United States ex rel. Ehmcke Sheet Metal Works v. Wausau Ins. Cos.*, 755 F. Supp. 906, 908 (E.D. Cal. 1991) (citing *Jordan v. Cnty. of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir.), *rev'd on other grounds*, 459 U.S. 810 (1982) ). Accordingly, leave is generally granted unless the court harbors concerns "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The non-moving party bears the burden of showing why leave to amend should not be granted. *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989).

## II.  ANALYSIS

Plaintiff's operative complaint alleges that SDG&E was the contractor responsible for the design, installation, maintenance, repair, and operation of the gas systems at Camp Pendleton. (ECF No. 1, at ¶ 10.) Plaintiff seeks to add three new Defendants whom he states he previously identified as Doe Defendants: Sempra

Energy, Southern California Gas Company, and San Diego Pipeline Company. (Mot. at 2.)[1] Plaintiff alleges that all Defendants transport, distribute, and sell natural gas and that the subject gas line at Camp Pendleton may have been subcontracted by one of the Defendants. (*See* ECF No. 31-2 (proposed amended complaint).)

Plaintiff states he received documents through discovery on August 26, 2019 that led him to request leave to add these Defendants. (*Id.* at 4.) Plaintiff provides no more detail as to what the documents are or what information they contain. Plaintiff argues SDG&E will not be prejudiced by the amendment because the amended complaint makes no changes to the claims against SDG&E. Plaintiff also states the new Defendants will not be prejudiced because the amendment is made "within the two year statute of limitations" period. (*Id.*)

### A. **Futility**

SDG&E's primary argument in its opposition is that the amendment is futile. "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see Miller v. RykoffSexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient."). A proposed amendment is "futile if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller*, 845 F.2d at 214. "Importantly, in deciding whether a claim is adequately pled, the court may not consider allegations or documents outside of the pleadings or exhibits attached to the complaint." *L.A. Gem & Jewelry Design, Inc. v. NJS.COM, LLC*, No. CV1702747ABJEMX, 2018 WL 6131185, at *2 (C.D. Cal. Mar. 5, 2018) (citing *Outdoor Media Grp., Inc., v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007)); *see also Robillard v. Opal Labs, Inc.*, 337 F. Supp. 3d 962, 969 (D. Or. 2018) (holding that in evaluating a motion for leave to amend, the court may only consider

---

[1] The proposed amended complaint also corrects the stated date of the explosion giving rise to this lawsuit. (Mot. at 2.)

allegations in the proposed amended complaint, documents incorporated by reference into the complaint, and documents appropriate for judicial notice).

SDG&E attached five exhibits to its opposition and points to each as evidence that the proposed new Defendants had no connection to or involvement with the subject gas line. SDG&E does not argue why the Court can or should consider these documents in evaluating Plaintiff's motion. The documents are not referenced in the complaint, and SDG&E does not point out any reason why the documents are subject to judicial notice. Therefore, the Court declines to consider the documents at this stage.

At this point in the case, the Court cannot say with certainty that Plaintiff will not be able to offer any facts supporting a valid claim against the new Defendants. Plaintiff alleges all Defendants transport, distribute, and sell natural gas. Even if it was undisputed that the government owns the subject gas line, as SDG&E alleges, it is possible that one or more of the energy companies still had some involvement or control over the line. SDG&E's arguments and documents on this issue are better suited for summary judgment.

SDG&E has not met its burden in establishing futility.

### B. Prejudice / Undue Delay

SDG&E also argues that amendment will cause prejudice to SDG&E and to the unnamed Defendants because amendment will delay the case by adding more motions and discovery.

Indeed, this case has progressed well into discovery. However, the parties recently jointly moved to continue the scheduling order for the consolidated matters, and the date to add new parties or amend the pleadings is not until January 17, 2020. (*See* 17-cv-2433, ECF No. 86.) Plaintiff moved to amend his complaint well before this date. Further, as to Plaintiff's argument that there is no prejudice to Defendants because Plaintiff is still within the statute of limitations period for his causes of action, the Court does not find that this negates prejudice. Any amendment will

naturally lead to more discovery, motions, and additional attorneys' fees. But this alone is not a reason to deny amendment. *See O'Shea v. Epson Am., Inc.*, No. CV 09-8063 PSG CWX, 2010 WL 4025627, at *5 (C.D. Cal. Oct. 12, 2010) ("[G]iven that granting a plaintiff leave to amend usually leads to additional discovery, courts typically require 'something more' to justify denying the motion on grounds of prejudice."). The Court finds the prejudice of "more litigation" for SDG&E and the new Defendants is not sufficient to deny leave to amend.

Additionally, the Court finds no evidence of undue delay, as the parties are still engaging in discovery and Plaintiff states he did not discover the relevant information until recently. *See SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) ("[C]ourts will permit amendment provided the moving party has a reasonable explanation for the delay."). Further, there have been no prior amended complaints in this matter and therefore no opportunity for Plaintiff to add Defendants previously.

### C. Federal Rule of Civil Procedure 20

Finally, SDG&E argues that Plaintiff fails to show that adding Defendants complies with Federal Rule of Civil Procedure 20. (Opp'n at 11.) In relevant part, Rule 20 provides that persons may be joined in an action as defendants if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a) (2). "Joinder is to be construed liberally 'in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits.'" *N. Face Apparel Corp. v. Dahan*, No. CV 13-04821 MMM (MANx), 2014 WL 12596716, at *4 (C.D. Cal. March 14, 2014) (quoting *League to Save Tahoe v. Tahoe Reg. Plan Agency*, 558 F.2d 914, 917 (9th Cir. 1977)). Here, Plaintiff has not specified the exact role of each Defendant, but at this stage, it is sufficient that Plaintiff seeks relief against each Defendant either

jointly, severally, or in the alternative. The claims against all Defendants are the same and are accordingly related and share common questions of law and fact. Therefore, the Court finds the requirements of Rule 20 are satisfied.[2]

**III. CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion. Plaintiff **SHALL** file the amended complaint attached to his motion <u>on or before November 7, 2019.</u>

**IT IS SO ORDERED.**

DATED: November 4, 2019

Hon. Cynthia Bashant
United States District Judge

---

[2] Even where the specific requirements of Rule 20 are satisfied, "a trial court must also examine other relevant factors in a case in order to determine whether permissive joinder of a party will comport with the principles of fundamental fairness." *Desert Empire Bank v. Ins. Co. of N. A.*, 623 F.2d 1371, 1375 (9th Cir. 1980). However, the relevant factors "overlap with several of the factors a court must analyze in determining whether to grant leave to amend under Rule 15" and the Court has analyzed the Rule 15 factors above. *N. Face Apparel Corp.*, 2014 WL 12596716, at *6. The Court finds joinder of the Defendants here is fair.